### BURT *v.* KING.

1. Under the pleadings and evidence in the case, there was no merit in the exception to that part of the court's charge to the jury in which they were instructed that the plaintiff "alleges that she was a saleswoman, and received, by permission of her husband, and enjoyed the proceeds of her own labor; that she was earning sixty-five dollars a month, and lost, on account of the injury, three months time, three months pay."
2. Inasmuch as there was evidence from which the jury might have found in favor of the plaintiff a verdict for an amount that would compensate her for loss of time and earnings during the period through which she was incapacitated to labor, without finding that she was also liable to pay for medical services rendered in the treatment of the injuries alleged to have been received, the court erred in charging the jury that "She also sues for medical bill which she alleges was necessarily incurred by reason of her injury, and that would be a legitimate item of expense; and as to that you would look to the evidence and give her, if you find for her, such an amount as would reasonably compensate for her physician's bills necessarily incurred on account of the injury."
3. There are no material errors in the other portions of the court's charge complained of.

JULY 24, 1914.

Action for damages. Before Judge Bell. Fulton superior court. May 17, 1913.

Mrs. Ida L. King brought suit against W. H. Burt, alleging: that the defendant used, in connection with his business, certain horses and wagons; that on the 7th day of May, 1911, a horse, the property of the defendant, which was harnessed to a wagon, was left standing in the street in the City of Atlanta in front of the defendant's place of business; that the horse was unhitched, and no driver or other person in or at said wagon was in charge of the same; that an ordinance of the City of Atlanta makes it unlawful for the owner or person in charge to permit a horse or team attached

to a vehicle to stand in the street of the city under the circumstances set forth above, and in doing so that the defendant violated the ordinance and was negligent in this regard; that it was negligence on the part of the defendant to thus leave the horse unhitched, as it was liable to take fright and run away from the noises and other happenings; that said act of negligence damaged the plaintiff, in that while she was walking along the public sidewalk of a named street and rightfully using the same, being in the exercise of ordinary care for her own protection, and just as she reached the point in front of the defendant's place of business where the said horse was standing, the horse took fright at some noise or occurrence in the street and suddenly ran upon the sidewalk and came in collision with the plaintiff, who was thus knocked down upon the sidewalk and received serious personal injuries, from which she suffered greatly and as a result of which she had incurred expenses for medical attention and in hiring a nurse; that plaintiff was a married woman, and was allowed by her husband to receive and enjoy the proceeds of her own labor; that she was a saleswoman at a salary of $65 per month, and lost, as the result of said injury, more than three months time and three months pay. The defendant filed his plea and answer and denied the allegation upon which plaintiff based her contention that he was liable in damages for the injuries received. Upon the trial the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which was overruled, and to this judgment he excepted.

*Moore & Branch,* for plaintiff in error.

*Colquitt & Conyers,* contra.

BECK, J. (After stating the foregoing facts.)

1. In the motion for a new trial it is complained that the court erred in charging the jury as follows: "She alleges that she was a saleswoman, and received, by permission of her husband, and enjoyed the proceeds of her own labor; that she was earning sixty-five dollars a month, and lost, on account of the injury, three months time, three months pay." This charge is assigned as error on the ground that from the evidence in the case "it is clearly shown that the plaintiff is a married woman living with her husband, and therefore under the law any loss of services would have to be sued for by the husband and not the wife; and further, because there is no evidence which authorized the charge." The plaintiff alleged

in her petition that she was allowed by her husband to receive and enjoy the proceeds of her own labor, and upon the trial testified: "I was saleswoman for the Tailor Made Corset Company. I had been with them nearly six years. Their place of business was 6½ Whitehall Street. My salary was sixty-five dollars a month. I had an arrangement with my husband by which I got my pay and paid expenses." She further testified: "It is true I was working for myself and independent of my husband at that time, making a claim entirely for myself, for my lost time and expenses. I was independent of my husband in that respect." It is clear, from a comparison of the charge with the part of the pleadings and evidence quoted above, that the criticism upon the charge is without merit.

2. In the motion for a new trial the plaintiff in error complains of the following charge of the court: "She also sues for medical bill which she alleges was necessarily incurred by reason of her injury, and that would be a legitimate item of expense; and as to that you would look to the evidence and give her, if you find for her, such an amount as would reasonably compensate for her physician's bills necessarily incurred on account of the injury." This charge was criticised on the grounds that "there was no evidence to authorize it; and because the plaintiff, being a married woman and living with her husband, was not entitled to sue and recover for the items mentioned in this portion of the charge; and because the court took from the jury the question of fact as to whether there was an agreement that the plaintiff might receive her own wages free from any claim of the husband and that she become liable for her own expenses." We are of the opinion that the exceptions to this charge are well taken. As we have ruled above, the court, under the evidence and pleadings, was clearly right in submitting to the jury the question as to whether or not the plaintiff in the case, although she was married and living with her husband, could recover for the value of her services and lost time. Under the ruling in the case of *Georgia R. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200), if a wife is living with her husband and is engaged in a business or avocation from which earnings result, and receives an injury at the hands of a wrong-doer which incapacitates her, either in whole or in part, from performing the work of such business or avocation, she is not entitled to recover on account of the loss thus

occasioned; but it is also the law as recognized in the same case, where the husband has given his consent to her engaging in this business and receiving the earnings therefrom as her own, that she is entitled to recover for a tort which results in causing her loss of earnings for any period of time. And we think, as we have ruled above, that the court was clearly right in submitting to the jury, under the evidence which we have quoted, the question as to whether or not the plaintiff was entitled to recover for the loss of earnings resulting from the injury received through the period of time for which she was incapacitated to labor. But we do not think that the court should have stated to the jury, as he did in the extract from his charge now under consideration, that it follows as a matter of law that the jury would give her, in case they found a verdict in the plaintiff's favor, such an amount as would compensate for her physician's bills necessarily incurred on account of her injuries. While the court, under the evidence, might have submitted to the jury the question as to whether or not, in case they found for her, under his instructions, compensation for her loss of earnings, they would also find for her an amount to compensate for her medical bills, the evidence is not so clear upon the question as to whether, under the arrangement with her husband, the plaintiff was to pay her own medical bills or for medical attention that she might receive, as to require a finding for her as to these items in case they should find an amount to compensate her for loss of time and earnings. The jury might have believed from the evidence that under the arrangement with her husband she was to collect and hold her earnings as her own, without finding that she was also responsible for such medical attention as she might require; and in the absence of an understanding between her and her husband that she would be responsible for such medical services rendered her, the husband and not the plaintiff would be responsible for such medical attention; and as it does not appear that the wife had actually paid the amount of the physician's bills, it might be that the husband was still liable for them, in which case the wife should not be entitled to recover for them. This was such error as will require the grant of a new trial, unless the plaintiff will write off from the verdict the amount of the physician's bill, in which case the judgment will stand affirmed. This direction is given because the physician's bill is a certain, fixed sum, to wit fifty dollars, requiring no calculation, and there is no controversy as to the amount of it.

3. There are no material errors in any other portions of the court's charge complained of.

*Judgment affirmed on condition. All the Justices concur.*